IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY WALKINHAWK,

        Plaintiff,                     No. CIV S-07-0905 RRB EFB P

    vs.

DAVID B. LONG, et al.,

        Defendants.            <u>ORDER</u>

        Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has twice submitted incomplete applications to proceed *in forma pauperis*. Plaintiff's initial application, filed on June 13, 2007, was filed on a form that explicitly states, in boldface type, "[h]ave the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months." The Certificate portion of plaintiff's form was not completed and instead stated "see attached." The second application that plaintiff submitted, filed on June 18, 2006, was not on the proper form used in this district and lacked a Certificate portion altogether. Plaintiff wrote to the court on July 12, 2007, expressing his confusion at the court's order of June 29, 2007. Although

1

plaintiff still has not fully complied with the procedural requirements for presenting a single, complete application, the forms in combination have adequately presented the required information.  Accordingly, for the sake of judicial efficiency, plaintiff is deemed to have complied with the requirements for applying for *in forma pauperis* status.  The court finds that plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Plaintiff must pay the $350 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial payment of $5.42 is assessed pursuant to section 1915(b)(1).  Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and, for the reasons explained below, finds it fails to state a claim for relief.

Plaintiff claims that defendants have implemented a "Revised Schedule for Native American Religious Groups" that is denying Native American inmates their right to practice their cultural religion. Plaintiff alleges further that Native American inmates at Mule Creek State Prison are being "singled-out [sic] as a group and discriminated against by denying them equal access to practice their religious believes [sic] in their designated spiritual grounds within the prison grounds," as a result of a revision to the Native American devotional schedule. Appended to the complaint are two memoranda signed by defendant Long and detailing changes to Native American spiritual grounds and ceremonies. Comp., Ex. A. Those memoranda address the need to restrict inmates classified as having a "Heat Risk" from participating in sweat lodge purification ceremonies, provide guidelines for storing religious property and locking the spiritual grounds when not in use, and provide for a new schedule allowing for services on every day of the week, with a weekly total of fourteen hours and fifteen minutes. Plaintiff fails to allege how the changes in the devotional schedule are discriminatory or deny Native American inmates their right to practice their religion.

Plaintiff's complaint will be dismissed in its entirety but plaintiff will be granted leave to amend. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial payment of $5.42. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////
////
////

4

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: August 14, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5